**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

Roderick G. Dorman (SBN 96908)
rdorman@mckoolsmith.com
Phillip J. Lee (SBN 263063)
plee@mckoolsmith.com
McKool Smith Hennigan, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

| | |
|---|---|
| Mike McKool (*pro hac vice*) | John F. Garvish (*pro hac vice*) |
| mmckool@mckoolsmith.com | jgarvish@mckoolsmith.com |
| McKool Smith P.C. | MCKOOL SMITH P.C. |
| 300 Crescent Court, Suite 1500 | 300 W. 6th Street, Suite 1700 |
| Dallas, Texas 75201 | Austin, Texas 78701 |
| Telephone: (214) 978-4000 | Telephone: (512) 692-8700 |
| Facsimile: (214) 978-4044 | Facsimile: (512) 692-8744 |

Attorneys for Defendants
Sanofi; Sanofi-Aventis U.S. LLC;
Genzyme Corporation; Aventisub LLC;
and Regeneron Pharmaceuticals, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IMMUNEX CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SANOFI; SANOFI-AVENTIS U.S. LLC; GENZYME CORPORATION; AVENTISUB LLC; and REGENERON PHARMACEUTICALS, INC., <br><br> Defendants. | Case No. 2:17-cv-02613-SJO (PLA) <br><br> **DEFENDANTS' OPPOSITION TO IMMUNEX'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** <br><br> **[FILED UNDER SEAL]** <br><br> **Judge:** Hon. S. James Otero <br> **Hearing:** April 16, 2018 <br> **Time:** 10:00 a.m. <br> **Place:** Courtroom 10C |

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

SANOFI-AVENTIS U.S. LLC; GENZYME CORPORATION; and REGENERON PHARMACEUTICALS, INC.,

    Counterclaim-Plaintiffs,

    v.

IMMUNEX CORPORATION and AMGEN INC.,

    Counterclaim-Defendants.

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. - 1 -

II. ARGUMENT ........................................................................................................ - 1 -

    A. This Case Is Not in Its Early Stages ......................................................... - 1 -

    B. The IPR Proceedings Will Not Meaningfully Simplify this Case ......... - 3 -

    C. A Stay Will Cause Defendants Prejudice and Result in Immunex Realizing an Unfair Tactical Advantage ................................................. - 5 -

III. CONCLUSION ..................................................................................................... - 7 -

McKool Smith Hennigan, P.C.
Los Angeles, CA

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

## I. INTRODUCTION

Immunex stresses that it expects that, some 11 months from now, all of the '487 Patent claims Defendants are challenging in two pending *Inter Partes* Review ("IPR") proceedings will be "confirmed" by the PTAB. D.I. 254-1 at 5.[1] Nevertheless, Immunex has moved to stay this litigation, arguing that "[n]o matter the outcome [of the PTAB proceedings], the resources of the court and the parties will be conserved." *Id.* at 1. Immunex is wrong, and the motion to stay should be denied.

## II. ARGUMENT

Courts have the inherent power to control their own docket, which includes the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Docket management decisions "call[] for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Here, none of the factors District Courts consider while weighing motions to stay pending IPR counsels in favor of granting Immunex's motion.

### A. This Case Is Not in Its Early Stages

Contrary to Immunex's contention (D.I. 254-1 at 3), the case is not "in the early stage[s]." Immunex filed its complaint more than one year ago. D.I. 1. The parties have since exchanged infringement contentions, invalidity contentions, and substantial discovery. Lelutiu Decl. ¶¶ 2-5.[2] Defendants, for instance, have produced over 1.65 million pages of documents to Immunex; have collected ESI data from 20 custodians and numerous non-custodial data sources; and are reviewing for production a significant number of ESI documents that hit on agreed ESI search terms. Lelutiu

---

[1] "Immunex" refers collectively to Immunex Corp. and Amgen Inc. "Defendants" refers collectively to Sanofi, Sanofi-Aventis U.S. LLC, Genzyme Corporation, Aventisub LLC, and Regeneron Pharmaceuticals, Inc. "'487 Patent" refers to the patent-in-suit, U.S. Patent No. 8,679,487. "PTAB" refers to the Patent Trial and Appeal Board of the U.S. Patent and Trademark Office.

[2] "Lelutiu Decl." refers to the Declaration of Radu A. Lelutiu In Support of Defendants' Opposition to Immunex's Motion to Stay Pending *Inter Partes* Review filed concurrently herewith.

Case No. 2:17-cv-02613-SJO (PLA)   - 1 -   DEFENDANTS' OPPOSITION TO MOTION TO STAY PENDING IPR

McKool Smith Hennigan, P.C.
Los Angeles, CA

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

Decl. ¶¶ 4, 7, 9.[3] More importantly, *Markman* and early summary judgment briefing is essentially complete. Defendants have filed their reply brief, and, by the time this motion is set for oral argument, Immunex will have filed its surreply brief. And, in a matter of weeks, the Court is scheduled to hear argument on claim construction issues, including Defendants' motion for summary judgment of invalidity based on indefiniteness.

Immunex's self-serving proclamation that a stay is appropriate to conserve the parties' resources should be rejected. Having failed to develop an anti-IL4R therapeutic, Immunex brought this case hoping to capture a piece of the success of Defendants' innovative and breakthrough therapy. Now, with their corresponding European patent revoked and weeks from a hearing that Defendants believe will end this action, Immunex has seized upon a more recent administrative loss—IPR institution—as an opportunity to delay the day of reckoning for the '487 Patent. If Immunex is second-guessing its decision to bring an action accusing Defendants of infringement, it should promptly file a with-prejudice dismissal or offer Defendants a covenant not to sue. As for Defendants, they stand ready to see this case to its conclusion and will continue to vigorously defend themselves to put an end to Immunex's baseless accusations of infringement, invalidate the '487 Patent, prove that Immunex engaged in inequitable conduct, and remove the cloud of uncertainty Immunex's actions have cast over Dupixent®.

Defendants are mindful that to resolve this case the Court will be required to rule on a number of motions. But Defendants respectfully submit that the Court's

---

[3] Immunex notes that "the parties are still negotiating the custodians and electronically stored information ('ESI') search terms." D.I. 254-1 at 4. This is misleading. The parties have largely agreed to the ESI protocol. Defendants have agreed to produce ESI from 20 ESI custodians (whose data have already been collected, processed, and stored), and have also reached agreement with Immunex with respect to the search terms to be applied. The only remaining disagreements stem from Immunex's insistence that it is entitled to receive discovery from three additional ESI custodians, even though the parties previously agreed that ESI discovery would be limited to 15 custodians per side, and from negotiations regarding production of certain regulatory documents which are not subject to ESI search terms. Lelutiu Decl. ¶¶ 7-10 & Ex. A.

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

effort will be well spent and will further public policy. This is an important case that raises important issues. The '487 Patent embodies the very type of obstacle to innovation the Supreme Court and Federal Circuit's recent 35 U.S.C. § 112 jurisprudence has sought to curb. While it teaches no actual therapeutics or novel methods of developing them, Immunex's patent nevertheless purports to cover all antibodies that **"compete[]"** with an anti-IL-4R "reference antibody" (an AMG-317 precursor)—an antibody that has never been shown to treat any disease. It will certainly not be a waste of this Court's time to remove in the near term the roadblock to innovation Immunex has erected and add to the growing body of precedent that makes clear that it is inappropriate to use patents to capture the inventions of others. And, for all of Immunex's suggestions that this case involves complicated issues, Defendants' *Markman* and invalidity arguments are straightforward, as Defendants' briefing makes clear.

At the outset of this case, the Court noted that Defendants' arguments that "competition is barely described in the '487 Patent . . . might ultimately prove to be strong claim construction and invalidity arguments—indeed, the Supreme Court in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), recently clarified the standard for 'indefiniteness'—which Defendants can pursue at the appropriate stage in the litigation." D.I. 62 at 7 (internal quotation marks omitted). The Court further noted that "[i]t is clear . . . that the definiteness of [the 'competes'] term is inextricable with Defendants' claim construction position, and that the parties have been on notice of each others' positions regarding this term for long before this action began." D.I. 138 at 1. Thus, pursuant to the Court's schedule, now is the time to rule on indefiniteness and invalidate Immunex's overbroad patent.

**B.     The IPR Proceedings Will Not Meaningfully Simplify this Case**

Putting aside that they will not conclude for 11 months, the IPR proceedings are also unlikely to meaningfully simplify this case. The PTAB is a suitable forum for evaluating Defendants' invalidity challenges based on anticipation and obviousness.

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

But Defendants' invalidity challenges based on section 112—indefiniteness, enablement, and written description—are not being pursued and could not have been pursued in IPR.[4] Further, the question of whether Dupixent® infringes the '487 Patent is not at issue in the IPR, nor are Defendants' allegations that the '487 Patent is unenforceable due to inequitable conduct during prosecution.

Given the limited overlap between the IPR proceedings and the matters at issue in this case, resolution of the IPRs is not likely to meaningfully simplify this litigation. Federal courts recognize that, for an IPR to truly result in simplification of the issues, "the outcome of the reexamination must finally resolve all issues in the litigation." *Everlight Elecs. Co., Ltd. v. Nichia Corp.*, 2013 WL 1821512, at *9 (E.D. Mich. Apr. 30, 2013) (internal citation omitted); *see also Kaneka Corp. v. JBS Hair, Inc.*, 2012 WL 10464130, at *2 (N.D. Tex. Apr. 27, 2012) (noting that, because claims of inequitable conduct and fraud would not be resolved in the Patent Office proceeding, the issue simplification factor weighed only slightly in favor a stay).

Equally unpersuasive are Immunex's assertions that "it would be wasteful for the parties and the Court to prepare to try obviousness and anticipation in this Court only to learn shortly before trial that those defenses are estopped" and "it would be wasteful for this Court to expend the resources to rule on indefiniteness when other invalidity defenses that Defendants have placed before the PTAB could be case-dispositive." D.I. 254-1 at 6. With respect to Defendants' obviousness and anticipation arguments based on the particular references at issue in the IPRs, the parties have already staked out their positions before the PTAB, such that no meaningful work remains to be done in this case with respect to those particular references. And, irrespective of how the PTAB will rule in the IPR proceedings,

---

[4] *See* 35 U.S.C. § 311(b) ("A petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or section 103 and only on the basis of prior art consisting of patents or printed publications."); *Dexcowin Global, Inc. v. Aribex, Inc.*, No. IPR2016-00436, Paper 12 at 5 (PTAB July 7, 2016) ("A petitioner in an inter partes review . . . is not permitted to assert a ground of unpatentability under 35 U.S.C. § 112."), *available at* https://bit.ly/2un6lOs.

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

Defendants are entitled to obtain a resolution of their invalidity defenses based on section 112 and counterclaims of non-infringement and inequitable conduct.

### C. A Stay Will Cause Defendants Prejudice and Result in Immunex Realizing an Unfair Tactical Advantage

Staying this litigation is also certain to cause Defendants prejudice. Briefing on claim construction issues and Defendants' motion for summary judgment of invalidity based on indefiniteness is essentially complete. If the Court agrees with Defendants that the term "competes" is indefinite, all of the asserted claims will be invalidated. And if the Court agrees with Defendants and construes the term "isolated human antibody" as Defendants have proposed, either all of the asserted claims will be adjudged invalid as indefinite for no corresponding structure or Defendants will be entitled to a judgment of non-infringement. There simply is no reason to delay resolution of these important issues, particularly since they will not be addressed in the IPRs.

Put simply, after one year of litigation, Defendants are entitled to a swift resolution of this case, and delaying the day of reckoning is extremely prejudicial to Defendants. *Jain v. Trimas Corp.*, 2005 WL 2397041, at *2 (E.D. Cal. Sept. 27, 2005) ("If this court grants plaintiff's motion to stay, defendant will suffer a clear tactical disadvantage because plaintiff would be allowed to forestall a potential adverse decision on defendant's motion for summary judgment.") (citations omitted); *Gladish v. Tyco Toys, Inc.*, 1993 WL 625509, at *3 (E.D. Cal. Sept. 15, 1993) ("Tyco has a strong interest in concluding this lawsuit without delay."); *TouchTunes Music Corp. v. Rowe Intern. Corp.*, 676 F. Supp. 2d 169, 178-79 (S.D.N.Y. 2009) ("A stay of the proceedings pending the resolution of [the reexamination] would serve to maintain the cloud of litigation over [the plaintiff's] business and thus prejudice [the plaintiff] by perpetuating the very harm that its declaratory judgment action is designed to address."); *Adrain v. Vigilant Video, Inc.*, 2012 WL 966200, at *3 (E.D. Tex. Mar. 21, 2012) ("With the shadow of patent infringement allegations looming

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

over its day-to-day business activities, there can be no dispute that the Defendants have a justiciable interest in the timely resolution of this case.").

Beyond delay, Defendants will also be prejudiced by the mere passage of time. For instance, Defendants' inequitable conduct claims concern actions Immunex scientists and lawyers took in the late 1990s and early to mid-2000s. Given that some of the critical events happened quite some time ago and that Immunex apparently has very few documents from many of its relevant custodians,[5] delaying this case is likely to result in the loss of important evidence: "witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceedings take place." *Gladish*, 1993 WL 625509, at *2; *see also Ambato Media, LLC v. Clarion Co*, 2012 WL 194172, *1 (E.D. Tex. Jan 23, 2012).

Further, delaying this litigation will also result in Immunex realizing an unfair tactical advantage. As an initial matter, this Court's rulings on claim construction issues and on Defendants' motion for summary judgment are certain to have an impact on the IPRs, and it is unfair for Immunex to seek to deprive the PTAB of the benefit of this Court's views. Furthermore, if the IPRs are unsuccessful, Immunex will have a larger damages base upon which to claim royalties against Defendants. Immunex's "refusal to toll damages during the pendency of the reexamination proceeding weighs against [the] stay request and weighs in favor of a finding that a stay will prejudice the defense." *Whatley v. Nike, Inc.*, 2000 WL 370529, at *2 (D. Or. Feb. 8, 2000). Finally, while Immunex emphasizes that this case involves only money damages, if the resolution of this litigation is delayed, it is conceivable that Immunex will attempt to pursue an injunction. Immunex's parent Amgen is developing an anti-asthma medication that may compete head-to-head with Dupixent®.[6] While Defendants do not believe that Immunex and/or Amgen would be

---

[5] *See* Lelutiu Decl. Ex. B.

[6] *See* https://www.reuters.com/article/us-astrazeneca-amgen-asthma/new-astrazeneca-amgen-drug-looks-strong-rival-in-severe-asthma-idUSKCN1BH30I.

McKool Smith Hennigan, P.C.
Los Angeles, CA

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

entitled to an injunction, the fact that Immunex and Amgen have not expressly disclaimed this remedy in the motion papers suggests that they wish to keep their options open and use the delay resulting from a stay motion to extract an unfair tactical advantage should the litigation resume.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Immunex's motion to stay.

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

| | |
|---|---|
| Dated: March 26, 2018 | **MCKOOL SMITH HENNIGAN, P.C.** |
| | /s/ *John F. Garvish, II* <br> John F. Garvish, II |
| Mike McKool (*pro hac vice*) <br> mmckool@mckoolsmith.com <br> MCKOOL SMITH P.C. <br> 300 Crescent Court, Suite 1500 <br> Dallas, Texas 75201 <br> Telephone: (214) 978-4000 <br> Facsimile: (214) 978-4044 | Roderick G. Dorman (SBN 96908) <br> rdorman@mckoolsmith.com <br> Phillip J. Lee (SBN 263063) <br> plee@mckoolsmith.com <br> MCKOOL SMITH HENNIGAN, P.C. <br> 300 South Grand Avenue, Suite 2900 <br> Los Angeles, California 90071 <br> Telephone: (213) 694-1200 <br> Facsimile: (213) 694-1234 |
| Radu A. Lelutiu (*pro hac vice*) <br> rlelutiu@mckoolsmith.com <br> Lauren Fornarotto (*pro hac vice*) <br> lfornarotto@mckoolsmith.com <br> MCKOOL SMITH P.C. <br> One Bryant Park, 47th Floor <br> New York, New York 10036 <br> Telephone: (212) 402-9400 <br> Facsimile: (212) 402-9444 | John F. Garvish (*pro hac vice*) <br> jgarvish@mckoolsmith.com <br> Geoffrey L. Smith (*pro hac vice*) <br> gsmith@mckoolsmith.com <br> Christine M. Woodin (SBN 295023) <br> cwoodin@mckoolsmith.com <br> Matthew T. Cameron (*pro hac vice*) <br> mcameron@mckoolsmith.com <br> MCKOOL SMITH P.C. <br> 300 W. 6th Street, Suite 1700 <br> Austin, Texas 78701 <br> Telephone: 512.692.8700 <br> Facsimile: 512.692.8744 |
| | Attorneys for Defendants <br> *Sanofi; Sanofi-Aventis U.S. LLC; Genzyme Corporation; Aventisub LLC; and Regeneron Pharmaceuticals, Inc.* |

**CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION**

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the United States of America that on March 26, 2018, a true copy of the above document was filed through the Court's Electronic Case Filing system and served by that system upon all counsel of record registered for the system and deemed to have consented to electronic service in the above-captioned case.

Dated: March 26, 2018         */s/ John F. Garvish, II*
                                              John F. Garvish, II